UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD H. RECHBERGER IV, as Trustee
under a Trust Agreement dated March 11,
1998, as Amended February 26, 2001, LEWIS
J. SERVENTI, and KAREN K. RECHBERGER,

Plaintiffs,

v.

DUSTIN C. HURLBURT, LISA HURLBURT,
HURLBURT INVESTMENT CLUB, and
ROBERT M. BURT,

Defendants.

_____

Civil Action No.:
07-cv-00061 [RJA-LGF]


**DEFENDANT BURT'S MEMORANDUM OF LAW IN RESPONSE TO THE
COURT'S ORDER TO SHOW CAUSE ISSUED ON NOVEMBER 5, 2009**


**Leclair Korona Giordano Cole LLP
Steven E. Cole, Esq.
Attorneys for Defendant
   Robert M. Burt
150 State Street, Suite 300
Rochester, New York 14614**

Defendant Robert Burt ("Burt"), by his attorneys, Leclair Korona Giordano Cole LLP, hereby submits this memorandum of law in opposition to plaintiffs' response papers relating to the Order to Show Cause issued by the Court on November 5, 2009 (Dkt. No. 79).

## INTRODUCTION

Plaintiffs' lengthy response papers relating to the Order to Show Cause contain several fundamental misstatements of fact and fail to cite or explain relevant governing case law.  The Court asked the parties to address only two narrow issues:  (1) whether the RICO claim against Burt and Dustin and Lisa Hurlburt should be dismissed because of the 1995 amendment to RICO (See 18 U.S.C. § 1964(c)) which barred securities fraud as a predicate offense (the "RICO Amendment"); and (2) whether this Court should retain supplemental jurisdiction if the RICO claims against defendants are dismissed.  Plaintiffs, contending that the issue of the RICO amendment had "never" been raised in this litigation, took this opportunity to provide yet another lengthy (and inaccurate) exposition of its purported evidence in opposition to Burt's motion for summary judgment. (Dkt. No. 80, Plaintiffs' Brief at p. 1-7).  Burt will spare the Court another rebuttal of plaintiffs' unsupported factual assertions and baseless theories.  Burt fully incorporates by reference herein his moving and reply papers in relation to his motions for summary judgment, judgment on the pleadings, and sanctions, which establish that defendants' RICO claim is fundamentally flawed, both as a matter of pleading and for failure to produce admissible evidence of a genuine issue of material fact.  The issue for decision here, whether the RICO Amendment applies, provides yet

1

another rationale for the Court to dismiss the RICO claim against Burt and impose sanctions upon plaintiffs for forcing Burt to defend this baseless claim.

It is absurd for plaintiffs to suggest that the issue of the RICO Amendment has "never" been raised by Burt. Burt's reply memorandum of law explicitly raised the issue of whether plaintiffs' RICO claim was merely a securities fraud claim in disguise and therefore subject to dismissal. (See Docket No. 76, at p. 7 n.2, citing Bald Eagle School Dist. v. Keystone Fin., Inc., 189 F.3d 321 (3d Cir. 1999)). Burt made this argument after plaintiffs cited Azrielli v. Cohen Law Offices, 21 F.3d 512 (2d Cir. 1994), a case decided before the RICO Amendment which included securities fraud and RICO claims, in their memorandum of law in opposition to Burt's motion for summary judgment. There, plaintiffs contended that Azrielli was a "virtually identical situation to the one presented here" and therefore raised the issue that the alleged predicate acts in support of their RICO claim were based upon conduct actionable as securities fraud. (Plaintiffs' Memorandum of Law at 19). Burt's reply brief expressly pointed out that the RICO claim in Azrielli would not be sustainable under current law because the RICO allegations were based upon allegations of securities fraud. Having previously argued that Azrielli was "virtually identical" to the instant case, plaintiffs now claim that the instant case "never deal[t] with securities fraud." (Dkt. No. 80, Plaintiffs' Brief at 2).

Plaintiffs' RICO allegations are indeed based upon allegations of securities fraud, because this entire case is based upon a Ponzi scheme whereby Dustin Hurlburt bought and sold securities. Plaintiffs' legal analysis fails to discuss controlling Supreme Court authority in which the Court explicitly invoked a broad interpretation of the

2

operative phrase "in connection with the purchase or sale of securities."   Further, plaintiffs' attempt to artfully plead around the RICO Amendment has been expressly rejected by Courts in similar cases as a "surgical presentation" of allegations that defeats the purpose of the RICO Amendment.   In light of the clear governing law, the RICO Amendment in 18 U.S.C. § 1964(c) provides yet another basis upon which plaintiffs' RICO should be dismissed and warrants the imposition of sanctions.

While Burt strongly disagrees with plaintiffs' analysis of the RICO Amendment, Burt agrees with plaintiffs that the RICO claim against Dustin Hurlburt falls within the criminal conviction exception.   Because a federal claim will remain pending in this lawsuit, this Court should exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), as the state law claims against Burt form part of the same case or controversy as that against Hurlburt and no exceptional circumstances exist which warrant a remand to state court.   In addition, Burt agrees with plaintiffs that a remand to state court would cause duplicative litigation, waste judicial resources, and cause financial hardship to the parties.

## ARGUMENT

### I.      Plaintiffs' Misstate Applicable Federal Securities Law

Section 10(b) of the Securities Exchange Act of 1934 makes it "unlawful for any person . . . to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe."   15 U.S.C. § 78j.   Rule 10b-5, which

implements Section 10(b), forbids the use of "any device, scheme, or artifice to defraud" or any other "act, practice, or course of business" that "operates . . . as a fraud or deceit," "in connection with the purchase or sale of any security."  17 CFR § 240.10b-5.

There is no question that Dustin Hurlburt committed fraud in connection with the Hurlburt Investment Club.  Thus, the only remaining issue is whether Dustin Hurlburt's fraud occurred "in connection with the purchase or sale of any security."

Plaintiffs, citing cases such as Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir. 1952), argue that the phrase "in connection with" has been interpreted narrowly by the courts and that a misstatement or omission must relate to the particular security at issue in order to be actionable (Plaintiffs' Brief at 7-9).

However, two recent Supreme Court cases address the very issue of interpreting the phrase "in connection with" in the securities fraud context and explicitly endorse a broad reading of the phrase.  See SEC v. Zandford, 535 U.S. 813 (2002); Merril Lynch Pierce Fenner & Smith, Inc. v. Dabit, 547 U.S. 71 (2006).  Amazingly, plaintiffs completely ignore Dabit and relegate Zandford to a footnote.

In Zandford, the Supreme Court explicitly endorsed the SEC's broad reading of the phrase "in connection with the purchase or sale of any security."  535 U.S. at 819-20.  The Court stated that Section 10(b) should be "construed not technically and restrictively, but flexibly to effectuate its remedial purposes."  Id. at 819.  The Court further provided that "neither the SEC nor this Court has ever held that there must be a misrepresentation about the value of a particular security in order to rule afoul of the"

securities laws.  Id. at 820.   The Zandford Court concluded that "it is enough that the

scheme to defraud and the sale of securities coincide."  Id. at 822.

In Dabit, the Supreme Court reiterated its endorsement of a broad interpretation

of the phrase "in connection with."  547 U.S. at 85.  The Court expressly stated that it

had "rejected" the narrow construction of the phrase espoused by the Second Circuit in

Birnbaum.  The Court then recites the current rule:  "under our precedents, it is enough

that the fraud alleged "coincide" with a securities transaction – whether by the plaintiff or

by someone else."  According to the Dabit Court, "the identity of the plaintiffs does not

determine whether the complaint alleges fraud 'in connection with the purchase or sale'

of securities."  Id. at 88-89.

Plaintiffs' failure to discuss Zandford and Dabit is telling.

## II.    Plaintiffs' RICO Claim Is Based Upon Allegations Of Securities Fraud

In light of the broad construction of the phrase "in connection with," Courts have

applied the RICO Amendment to bar RICO claims in numerous cases involving

predicate acts that include allegations of securities fraud.   See, e.g., Bald Eagle, 189

F.3d at 329-30; Sell v. Zions First Nation Bank, 2006 WL 322469 (D. Ariz. Feb. 9,

2006); Payton v. Flynn, 2006 WL 3087075 (N.D. Ill. Oct. 26, 2006).   Indeed, some of

these cases involve Ponzi schemes and specifically hold that actions taken in

furtherance of a Ponzi scheme cannot form the basis for a RICO claim.   See Bald

Eagle, 189 F.3d at 330; Sell, 2006 WL 322469, at *11.

The parties agree that this case involved a Ponzi scheme involving a stock day

trading operation.   (See Dkt. No. 80, Plaintiffs' Brief at 17 ("It was just a Ponzi

scheme")).  By "virtually all definitions, a Ponzi scheme is considered a form of securities fraud." U.S. v. 8 Gilcrease Lane, 587 F. Supp. 2d 133, 141 n.5 (D.D.C. 2008) (citations omitted).  A California Federal District Court recently held that claims arising from a Ponzi scheme constituted cognizable federal securities claims under the principles outlined in Zandford. See S.E.C. v. Private Equity Management Grp., Inc., 2009 WL 2019788, at *12-14 (C.D. Ca. July 2, 2009).

There is little question that Dustin Hurlburt's fraud "coincided" with the purchase or sale of securities and that the predicate acts pled consist of acts in furtherance of the Ponzi scheme.  Plaintiffs again misstate the facts and the law in an attempt to keep their frivolous RICO claim alive.

The evidentiary record is clear that, before they invested, plaintiffs Edward Rechberger and Lewis Serventi met with Dustin Hurlburt to discuss the Hurlburt Investment Club.  It was clear to plaintiffs that Hurlburt was a day trader who executed short term trades in common stocks.   In a second meeting with Hurlburt, Mr. Rechberger watched Hurlburt at work following the market and performing mock stock trades.  (See Dkt. No. 62, Cole Dec., Ex. B (excerpts of Rechberger Dep.)).   These meetings were clearly part of Hurlburt's "scheme or artifice to defraud," which plainly coincided with the purchase and sale of securities. See Rule 10b-5.

Plaintiffs attempt to avoid the RICO Amendment by dividing their $325,000 investment in the Hurlburt Investment Club into two parts.  They allege that no securities were bought or sold with $125,000, which allegedly was misappropriated without ever being deposited into the Ameritrade account.  Thus, according to plaintiffs, with respect

to the $125,000, the RICO Amendment does not apply because they would not have standing to sue under the securities law.  They also allege that the remaining $200,000 was not used to purchase or sell securities because it does not constitute an investment contract.  Plaintiffs' sole focus is on their investment and not the investments of the many other investors who were also victims of Hurlburt's fraud.  They allege that the Investment Club was out of money when they invested and therefore there was no pooling of funds with other investors.  This is the very sort of "surgical presentation" of allegations that the Bald Eagle court disregarded because it undermined the congressional intent behind the RICO Amendment.  189 F.3d at 330; see also Gatz v. Ponsoldt, 297 F. Supp. 2d 719, 730 (D. Del. 2003) (a "plaintiff cannot circumvent the PSLRA's exclusion of securities fraud as a RICO predicate act through artful pleading"); Burton v. Ken-Crest Servs., Inc., 127 F. Supp. 2d 673, 677 (E.D. Pa. 2001) ("Plaintiff cannot magically revive his claim by picking out discrete details of his allegations and then claiming they are not actionable as securities fraud").

Further, even assuming plaintiffs would not have standing to sue for the $125,000, several courts have rejected plaintiffs' theory that the RICO Amendment only applies to plaintiffs who would have standing to sue under the securities laws, pursuant to Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975).  (See Plaintiffs' Brief at 11).  Plaintiffs simply ignore the line of cases which hold that the RICO Amendment applies even where there is no nexus between the particular plaintiff asserting a RICO violation and the conduct actionable as securities fraud.  Fezzani v. Bear, Stearns & Co., Inc., 2005 WL 500377, at *5 (S.D.N.Y. Mar. 2, 2005); In re Enron Corp. Sec.,

Derivative, & ERISA Litig., 284 F. Supp. 2d 511, 620 (S.D. Tex. 2003) ("the language of the statute does not require that the same plaintiff who sues under RICO must be the one who can sue under securities laws"); see also, Payton, 2006 WL 3087075, at *6; Howard v. America Online Inc., 208 F.3d 741, 749-50 (9th Cir. 2000).   Thus, even if plaintiffs did not have standing to sue Hurlburt under the securities laws, that fact would not preclude application of the RICO Amendment.

Incredibly, plaintiffs state that the $200,000 "was not used in the purchase and sale of securities," in arguing that there would be no standing to sue under the securities law.  (Dkt. 80, Plaintiffs' Brief at 13).  This claim is squarely refuted by the Ameritrade statements attached as Exhibit B to Mr. Gwitt's 11/20/2009 Declaration, which show that Hurlburt immediately began trading in several common stocks when the plaintiffs' $200,000 was deposited into the Ameritrade account on September 23, 2003.

### III.   Plaintiffs' Fail To Establish That Their Investment With Hurlburt Was Not An Investment Contract

Plaintiffs also go to great lengths to argue that their investment with Hurlburt was not an investment contract.  Again, plaintiffs' analysis is faulty and ignores the Supreme Court's guidance that the definition of an investment contract "embodies a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits."  SEC v. W.J. Howey Co., 328 U.S. 293 (1946).  As the Court pointed out in its Order to Show Cause, an investment contract constitutes a security if it includes (1) an investment of money, (2) in a common enterprise, (3) with profits to be derived solely from the efforts of others.  Id. at 298-99.  Plaintiffs' analysis on this point

overlooks law that it is the representations made by the promoter, not his actual conduct, that determines whether an interest is an investment contract. See SEC v. Lauer, 52 F.3d 667, 670 (7th Cir. 1995), citing SEC v. United Benefit Life Ins. Co., 387 U.S. 202, 211 (1967).

Plaintiffs suggest that they made no investment of money with Hurlburt because there was no underlying business. This is absurd. Again, Edward Rechberger's testimony makes clear that he believed that he was investing money in a pool with several other investors for Dustin Hurlburt to trade on the stock market, with the goal of making a profit. (See Dkt. No. 62, Cole Dec., Ex. B). Indeed, Hurlburt almost immediately began trading in common stocks with a portion of the money invested by plaintiffs. (Dkt. No. 81, 11/20/2009 Gwitt Dec., Ex. B). The case cited by plaintiffs, Heine v. Colton, 786 F. Supp. 360 (S.D.N.Y. 1992), does not apply here because it involved a scheme involving post dated checks, whereby plaintiff was told he would receive payments on a regular basis and the ultimate return of his principal. In finding no investment contract, the court found that the scheme did not reflect the fundamental risk characteristic of an investment. Unlike the instant case, Heine did not involve investments in common stocks, whose risk characteristics are obvious. The plaintiffs here are sophisticated investors. They clearly understood that this was an investment that entailed risk. To argue otherwise now, after the fact, is absurd.

Plaintiffs' arguments regarding the common enterprise element are equally deficient. Yet again, plaintiffs overlook the fact that it is the representations made by the promoter that are relevant. See Lauer, 52 F.3d at 670. It is undisputed that there were

numerous investors in Hurlburt's Investment Club and the funds were pooled in a trading account.   The fact that plaintiffs' investment may have been the last investment in the Ponzi scheme is not relevant.   The <u>Lauer</u> court addressed this very issue and held that the enterprise element is met even in the last stages of a Ponzi scheme.  <u>Id.</u> ("It would be a considerable paradox if the worse the securities fraud, the less applicable the securities laws").

In light of the above analysis, the cases cited by plaintiffs, <u>Bochicchio v. Smith Barney, Harris Upham & Co., Inc.</u>, 647 F. Supp. 1426 (S.D.N.Y. 1986) and <u>Bosio v. Norby Securities, Inc.</u>, 599 F. Supp. 1563 (E.D.N.Y. 1985) do not govern here.  First, both cases were decided well before <u>Zandford</u> and their holdings do not comport with more recent Supreme Court interpretations of the "in connection with" language of Rule 10b-5.  In addition, both cases are distinguishable.   In <u>Bosio</u>, the Court found that the misrepresentations at issue only dealt with the "mechanics" of an investment sale, not the decision to make the investment.    599 F. Supp. at 1566-67.   Here, plaintiffs specifically allege misrepresentations concerning Hurlburt's competence and expertise as an "investment counselor and financial asset manager" and that the misrepresentations induced them to invest with Hurlburt.  (Amended Complaint, ¶ 74-77).  <u>Bochicchio</u>, unlike the instant case, did not involve representations that investors' funds would be pooled, and therefore no investment contract could be formed.

### IV. The Criminal Conviction Exception Applies To The RICO Claim Against Dustin Hurlburt And This Court Should Retain Jurisdiction Over All Claims

Burt agrees with plaintiffs that the criminal conviction exception in 18 U.S.C. § 1964(c) applies to the RICO claim against Dustin Hurlburt.  It is undisputed that the exception only authorizes a claim against the particular defendant that was convicted. See Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 165 F. Supp. 2d 1345, 1356-57 (S.D. Fla. 2001) ("Section 107's criminal conviction exception only applies to persons that have been criminally convicted in connection with the fraud . . . "); Enron, 284 F. Supp. 2d at 623-24.  Thus, the exception does not authorize a RICO claim against Burt.

Because a federal claim will remain in the case even if the RICO claim against Burt is dismissed, this Court should retain supplemental jurisdiction over any remaining state law claims, pursuant to 28 U.S.C. § 1367.  All of the claims form part of the same case or controversy and there is no exceptional circumstance permitting the Court to decline jurisdiction over the state law claims.  Burt agrees with plaintiffs that this Court declining to exercise jurisdiction over the state law claims would result in duplicative litigation.  Needless to say, however, Burt strongly believes that he has established that he is entitled to judgment as a matter of law on all claims against him.

### CONCLUSION

For the foregoing reasons, Burt respectfully requests that the Court enter judgment in his favor on all counts in the Amended Complaint.  Burt has established that plaintiffs' claims against him are frivolous.  The RICO claim is simply baseless and

11

warrants sanctions, as it is based upon a lack of evidence and a flawed reading of the applicable law.    Both this Court and defendant Burt have been forced to expend considerable resources in litigating the baseless RICO claim.    As such, this constitutes the rare and regrettable case where sanctions are appropriate.


Dated:  December 4, 2009                    **LECLAIR KORONA GIORDANO COLE** LLP


By:   s/Steven E. Cole
      Steven E. Cole, Esq.
      *Attorneys for Defendant, Robert M. Burt*
      150 State Street, Suite 300
      Rochester, New York 14614
      Telephone (585) 327-4100
      E-mail:  scole@leclairkorona.com


TO:    **DAMON & MOREY** LLP
      William F. Savino, Esq.
      *Attorneys for Plaintiffs*
      1000 Cathedral Place
      298 Main Street
      Buffalo, New York  14202-4096
      Telephone:  (716) 856-5500
      E-mail:  wsavino@damonmorey.com


      **LAW OFFICE OF JOEL L. DANIELS, ESQ.**
      Joel L. Daniels, Esq.
      *Attorney for Defendants, Dustin C. Hurlburt,*
        *Lisa Hurlburt, and Hurlburt Investment Club*
      107 Delaware Avenue
      Suite 1366
      Buffalo, New York 14202
      Telephone:  (716) 856-5140
      E-mail:  jdaniels38@aol.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD H. RECHBERGER IV, as Trustee under a Trust Agreement dated March 11, 1998, as Amended February 26, 2001, <br><br> LEWIS J. SERVENTI, and <br><br> KAREN K. RECHBERGER, <br><br><div align=center>Plaintiffs,</div><br><div align=center>vs.</div><br> DUSTIN C. HURLBURT, <br><br> LISA HURLBURT, <br><br> HURLBURT INVESTMENT CLUB, and <br><br> ROBERT M. BURT, <br><br><div align=center>Defendants.</div> | Civil Action No.: <br> 1:07-cv-00061 [RJA-LGF] |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Memorandum of Law in Response to the Court's Order to Show Cause Issued on November 5, 2009 in the above-captioned action was served this 4th day of December, 2009, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

| *Attorneys for Plaintiffs:* | *Attorney for Defendants Dustin C. Hurlburt, Lisa Hurlburt, and Hurlburt Investment Club:* |
|---|---|
| WILLIAM F. SAVINO, ESQ. <br> Damon & Morey LLP <br> 1000 Cathedral Place <br> 298 Main Street <br> Buffalo, New York 14202-4096 <br> E-mail: wsavino@damonmorey.com | JOEL L. DANIELS, ESQ. <br> Law Office of Joel L. Daniels, Esq. <br> 107 Delaware Avenue, Suite 1366 <br> Buffalo, New York 14202 <br> E-mail: jdaniels38@aol.com |

Dated: December 4, 2009          **LECLAIR KORONA GIORDANO COLE LLP**

By:    s/Steven E. Cole
_____
Steven E. Cole, Esq.
*Attorneys for Defendant, Robert M. Burt*
150 State Street – Suite 300
 Rochester, New York  14614
Telephone:  (585) 327-4100
E-mail:  scole@leclairkorona.com