UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

══════════════════════════════════

EDWARD H. RECHBERGER, IV, as Trustee
  under a Trust Agreement dated March 11,
   1998, and as Amended February 26, 2001,
LEWIS J. SERVENTI, and
KAREN K. RECHBERGER,

                         Plaintiffs,

       v.

DUSTIN C. HURLBURT,
LISA HURLBURT,
HURLBURT INVESTMENT CLUB, and
ROBERT M. BURT,

                   Defendants.

**DECISION AND ORDER**
07-CV-61A

══════════════════════════════════

     This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to

28 U.S.C. § 636(b)(1).  On October 30, 2008, defendant Robert M. Burt filed a

motion for judgment on the pleadings or, in the alternative, for summary

judgment.  On November 10, 2008, defendant Burt filed a motion for Rule 11

sanctions against plaintiffs.  On January 12, 2010, Magistrate Judge Foschio filed

a Report and Recommendation recommending that the motion for judgment on

the pleadings be granted insofar as the complaint fails to state a civil RICO claim

against any defendant.[1]  The Report and Recommendation recommended further

that the Court decline to exercise supplemental jurisdiction over what would be

_____

     [1] Magistrate Judge Foschio also recommended an alternative analysis of
the state law claims if this Court disagreed with the recommendation to dismiss
the civil RICO claims.

the remaining state law claims and remand the case to state court. Finally, the Report and Recommendation recommended that the motion for sanctions be denied.

Defendant Burt was the only named party to file any objections to the Report and Recommendation. Burt filed his objections on January 26, 2010. While Burt objected to Magistrate Judge Foschio's analysis regarding supplemental jurisdiction, his principal objection concerned the recommendation to dismiss plaintiffs' civil RICO claim against a different defendant, Dustin C. Hurlburt. Plaintiffs filed a response to Burt's objections on February 18, 2010. The Court held oral argument on February 26, 2010.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.[2] Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and considering the points raised at oral argument, the Court adopts the primary proposed findings of the Report and Recommendation. That is, because the Court agrees with Magistrate Judge Foschio that the civil RICO claims should be dismissed, that the case should be remanded, and that the motion for sanctions should be denied, the Court adopts all parts of the Report and Recommendation except Part 3(B) of

---

[2] Although the Court is skeptical that Burt has standing to file objections to any part of the Report and Recommendation not concerning claims against him, it has conducted a *de novo* review of all objections in an abundance of caution.

the Discussion section.  For purposes of estoppel or law of the case, that part of the Report and Recommendation shall have no effect on any subsequent proceedings in state court.

Accordingly, for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, plaintiffs' civil RICO claims against all defendants are dismissed for lack of subject matter jurisdiction.  The Court hereby declines to exercise supplemental jurisdiction over the remaining state law claims.  The Clerk of the Court is directed to take the steps necessary to remand this case to New York State Supreme Court, Wyoming County.

SO ORDERED.

_s/ Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 1, 2010