UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD H. RECHBERGER, IV, as Trustee
  under a Trust Agreement dated March 11,
  1998, and as Amended February 26, 2001,
LEWIS J. SERVENTI, and
KAREN K. RECHBERGER,

**DECISION AND ORDER**
07-CV-61A

Plaintiffs,

v.

DUSTIN C. HURLBURT,
LISA HURLBURT,
HURLBURT INVESTMENT CLUB, and
ROBERT M. BURT,

Defendants.

---

On March 24, 2010, defendant Robert M. Burt ("defendant") filed a bill of costs seeking costs in the amount of $1,837.40. Defendant's proposed costs include the filing fee that he paid when he removed the case to this Court, along with fees for deposition transcripts and duplication of documents. Defendant claims entitlement to these costs pursuant to 28 U.S.C. § 1920, which in turn follows the general authorization, though not requirement, of "just costs" under 28 U.S.C. § 1919. In opposition to paying defendant any costs, plaintiffs note that defendant was the party to invoke the Court's jurisdiction, and that the case was remanded to state court based on an argument that defendant would not even have mentioned without *sua sponte* prompting from the magistrate judge.

"Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. "The word 'justice' is an elongation of the word 'just.' 'Justice' and 'fairness' have a close kinship. Thus, the sole question before the court in this case can be restated simply as 'What is fair here?'" *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 179 F.R.D. 328, 331 (N.D. Ala. 1998). Here, defendant was the party who initiated removal from state court to this Court. Defendant's subsequent motion for summary judgment did not address the issue of predicate acts that Magistrate Judge Foschio brought to the parties' attention and that ultimately was the sole basis for dismissing plaintiffs' civil RICO claims and for remanding the case to state court. All of defendant's filings and motion practice, therefore, left him right where he was prior to removal, albeit with fewer claims against him. Defendant could have achieved the same result, and spared himself a filing fee, by making a motion to dismiss the civil RICO claims in state court. *See, e.g., Tafflin v. Levitt*, 493 U.S. 455, 461–62 (1990) (holding that state courts have concurrent jurisdiction over civil RICO claims). Additionally, defendant has made no indication that the deposition transcripts and duplicated documents in question related only to practice before this Court and will have no application to future proceedings in state court. Since these unspecified deposition transcripts and duplicated documents almost certainly will have relevance to the remaining claims against defendant, he

retains the ability to pursue costs at the conclusion of all proceedings in state court. *See, e.g., Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1342 (10th Cir. 1998) ("Recovery of costs for the depositions and expenses of [defendant] in meeting the merits of [plaintiff's] claims may be sought in the state court if [defendant] prevails there.") (citation omitted); *Tankship Int'l, LLC v. El Paso Merchant Energy-Petroleum Co.*, No. 3:04CV753, 2006 WL 2349603, at *2 (D. Conn. July 25, 2006) (citing *Callicrate*). Under these circumstances, an award of costs will not advance the concerns for justice and fairness that underlie the plain language of Sections 1919 and 1920.

## CONCLUSION

For all of the foregoing reasons, the Court denies defendant's bill of costs.

SO ORDERED.

                   *s/ Richard J. Arcara*
                  HONORABLE RICHARD J. ARCARA
                  UNITED STATES DISTRICT JUDGE

DATED: April 12, 2010